## Howard H. Wanzer, Administrator, Appellee, v. City of Chicago, Appellant.

### Gen. No. 17,953.

1. STREETS AND ALLEYS—*habit of negligent driving.* Plaintiff's intestate was driving a milk wagon on a dark night and one of the right wheels dropped into a hole over ten inches deep and several feet in diameter, which had been dug by workmen of a paving contractor and left without barricades or lights, and the left wheels passed up on a pile of old macadam pavement, causing the tipping of the wagon and the death of the driver. There were no eyewitnesses to the occurrence, and one of plaintiff's witnesses testified that he had seen deceased at other times, in going around the corner, standing on the wagon steps and getting his stuff ready for delivery to the next building. There was no evidence that at the time of the accident deceased was in fact riding on the steps or permitting his horse to take his own course, but several witnesses testified that he was a man of careful habits. *Held,* that the theory of the defendant City that deceased was riding on the steps is only an inference and, as it is the peculiar province of the jury to draw inferences and conclusions from facts shown, a finding by the jury to the contrary is not clearly and manifestly wrong.

2. INSTRUCTIONS—*based on inference — assuming unsupported facts.* An instruction based upon an inference regarding a habit of plaintiff's intestate as to riding on the steps of a milk wagon, while proper enough if confined to the evidence and legitimate and proper inferences therefrom, if it contains assumptions of fact unsupported by any evidence, or that such conduct imputed to deceased was in fact the proximate cause of an accident, it invades the province of, and tends to confuse and mislead, the jury.

3. DAMAGES—*death by wrongful act.* Where plaintiff's intestate was twenty-three years of age, in good health, married, and by

trade a shipbuilder, earning $30 a week when working at his trade, he having at the time of his death been working temporarily as driver of a milk delivery wagon for $17.50 a week, a verdict for $8,000 damages, though seemingly large, will not be disturbed as excessive.

Appeal from the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed March 13, 1913. Rehearing denied March 27, 1913.

WILLIAM H. SEXTON and N. L. PIOTROWSKI, for appellant; David R. LEVY, of counsel.

LAMBORN & GUERNSEY and OREB T. CRISSEY, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

On August 4, 1906, about 3:30 A. M., residents near the corner of Greenwood avenue and Sixty-second street, in Chicago, were aroused by hearing a crash in the street like the sound of breaking crockery or glassware. Proceeding in the darkness to the place from which the sound came, they came upon an overturned milk wagon, under which, pinned to the ground by the wagon body, was a man lying on his face, with outstretched arms. Raising the top of the wagon, the bystanders drew him out on the grass next to the sidewalk, where it was found that he was dead. He proved to be Edgar A. Ford, the driver of the milk wagon. There was a hole in the street, near the wagon wheels, ten or twelve inches deep and several feet in diameter, from which the dirt and stones of the old macadam pavement had been thrown in a pile to one side, and the wheel tracks indicated that the wagon had just come around the corner and that one of the right wheels had dropped into the hole, while the left wheels were on the pile of dirt and stones, causing the wagon to tip over to the right. It was shown that Sixty-second street was being repaved; that the

work of repaving had progressed from the west towards the east up to Greenwood avenue; that on the afternoon preceding the accident, a hole had been dug in the street by some of the paving contractors' workmen, preparatory to inserting a plow for the purpose of tearing up that part of the old pavement east of Greenwood avenue, and that they left it in that condition without any barricade or lights. Upon these facts a verdict was returned finding the City of Chicago guilty of negligently causing the death of Ford and assessing appellee's damages at $8,000, and a judgment was entered on the verdict, from which the City appeals.

It is first urged that the deceased was guilty of contributory negligence. One of the plaintiff's witnesses testified that deceased had customers on Greenwood avenue, two or three doors south of Sixty-second street, and others on Sixty-second street east of Greenwood avenue, and that in going around the corner from one to the other, the witness had seen him at other times "stand on the steps and get his stuff ready for the building just around the corner." Appellant's counsel insists that it must be conclusively presumed from this one statement that at the time of the accident the deceased was standing on the right hand steps of his wagon in going around the corner and allowing his horse to take its own course; and they then deduce the theory or conclusion that when the right wheel dropped into the hole in the street, the weight of the deceased upon the steps overturned the wagon and crushed him beneath it. There were no eyewitnesses to the occurrence, and several witnesses testified that the deceased was a man of careful habits. There is no evidence that at the time of the accident the deceased was permitting his horse to take its own course, or that he was in fact riding on the steps at that time. When picked up, he was lying on his face with the wagon on his back, and the evidence tends to show that the

horse stopped at once when the wagon was overturned and did not drag it along. Under these circumstances, we cannot give to the single statement that the deceased rode on the steps at other times the conclusive effect contended for by appellant's counsel. Appellant's theory in this respect is a mere inference, and we think the inference that the deceased jumped, or .was thrown, from the wagon, when the wheel dropped into the hole in the street, is quite as strong as the inference drawn by counsel. It was the peculiar province of the jury to draw inferences and conclusions from the facts shown, and we cannot say that their finding in this respect was clearly and manifestly wrong.

It is next urged that the court erred in refusing an instruction offered by appellant. This instruction was based upon the same inference which counsel now seek to draw from the evidence regarding the habit of deceased as to standing upon the steps of the milk wagon. While such an instruction would be proper enough, if it were confined to the evidence and the legitimate and proper inferences therefrom, the instruction in question contains several assumptions of fact which are unsupported by any evidence, and which would have a tendency to mislead the jury. Taken as a whole, the instruction also assumes that the conduct imputed to the deceased was, in fact, the proximate cause of the accident, and if given would have invaded the province of the jury in that respect. By other instructions the jury were fully advised as to the essential principles of the law applicable to the facts of the case. In our opinion they would only have been confused by giving the instruction in question, and we think there was no error in refusing to give it.

It is also claimed that the verdict is excessive. It was shown that the deceased was twenty-three years old, married and a shipbuilder by trade. He was in good health and when working at his trade he earned as much as $30 a week. The position he held at the

time of his death was a temporary one, in which he was earning $17.50 a week. In view of his age, his proved condition of health, and his earning capacity, we are not disposed to disturb the verdict, though it may seem to be large.

Finding no reversible error in the record, the judgment of the Superior Court will be affirmed.

*Affirmed.*